## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Knotel, Inc., *et al.*, | Case No. 21-10146 (MFW) |
| Debtors.[1] | (Joint Administration Requested) |

**DEBTORS' SECOND OMNIBUS MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO REJECT CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES *NUNC PRO TUNC* TO THE PETITION DATE, (II) ABANDON ANY PERSONAL PROPERTY THAT REMAINS AT THE LEASE PREMISES, AND (III) GRANTING RELATED RELIEF**

> **PARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES LISTED ON EXHIBIT 1 TO THE PROPOSED ORDER, ATTACHED HERETO AS EXHIBIT A.**

The above-captioned debtors and debtors in possession (the "Debtors") respectfully move (the "Motion") as follows:

## RELIEF REQUESTED

1. Pursuant to sections 105(a) and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code") and rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors respectfully request entry of an order substantially in the form attached as **Exhibit A** (the "Proposed Order"): (i) authorizing the Debtors to reject the executory contracts (the "Specified Contracts") identified on **Exhibit 1** to the Proposed Order, effective as of the Petition Date (defined below), solely to the

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.omniagentsolutions.com/knotel or, alternatively, via the Bankruptcy Court at https://ecf.deb.uscourts.gov/cgi-bin/login.pl with a Public Access to Court Electronic Records ("PACER") account, which may be obtained at https://pacer.uscourts.gov. The location of Debtor Knotel, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 5-9 Union Square West, New York, NY 10003.

extent the counterparties to the Specified Contracts are not in material breach of their respective Specified Contract; (ii) authorizing the Debtors to reject the unexpired leases  (the "Specified Leases", and together with the Specified Contracts, the "Specified Contracts and Leases") identified on **Exhibit 1** of the Proposed Order, effective as of the Petition Date, (iii) authorizing the Debtors to abandon any personal property of the Debtors, including, but not limited to, furniture, fixtures, and equipment (collectively, the "Personal Property") left at the premises of the Specified Leases, effective as of the Petition Date (the "Abandoned Personal Property"), and (iv) granting related relief.  In support of the Motion, the Debtors rely upon and incorporate by reference the *Declaration of John M. Jureller in Support of First Day Relief* (the "First Day Declaration") concurrently filed herewith.[2]  In further support of the Motion, the Debtors respectfully state as follows:

## JURISDICTION

2.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware ("Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter

---

[2]     Capitalized terms not defined herein are defined in the First Day Declaration.

final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.      The statutory bases for the relief requested herein are sections 105(a) and 365 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 6006 and 9014.

## **GENERAL BACKGROUND**

5.      On January 31, 2021 (the "Petition Date"), the Debtors each commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court.  The Debtors have requested joint administration of their chapter 11 cases for procedural purposes.  No trustee, examiner, or official committee has been appointed in these cases.  The Debtors are operating their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6.      Founded in 2015, Knotel is a market leader in the dedicated flexible workspace industry and focuses on enterprise customers.  At the beginning of 2020, Knotel had [over 4.0] million square feet of leased workspace under management, [over 300] customers contracted for workspace, and expanded operations in various major business centers in the U.S., U.K., E.U., Asia, and South America, including New York City, San Francisco, Paris, London, Berlin, Amsterdam, and Dublin.  But with the onset of the COVID-19 pandemic, beginning in early 2020 Knotel's historical growth rate was halted.  The COVID-19 pandemic has severely disrupted the Debtors' business plans and operations, as certain customers' business plans were materially adversely impacted, resulting in terminations of existing contracts, requests for reduced monthly service rates, a reduction in historical renewal rates, and termination of executed contracts with pending delivery dates.  Further, since the outset of the pandemic, the widespread adoption of work-from-home policies caused demand for workspace to decline significantly. Finally, certain existing customers have had difficulty making timely payments due to the overall decline in their business.  In total, the disruption in customer business to generate anticipated revenue has resulted

in a materially adverse impact on the company's cash flow to support ongoing obligations, particularly those obligations pursuant to existing real estate leases that was to serve as supply for both existing customers and to meet the anticipated demand by new customers.  Over the past year, Knotel engaged in multiple efforts to raise capital and improve liquidity, reduce unprofitable locations, cut costs through reductions in its workforce, and weather the unprecedented shift in demand for workspace solutions in the marketplace.

7.      Although Knotel had been hopeful to achieve an out-of-court solution to its deteriorating liquidity position, unfortunately, the unexpected length of the pandemic severely impacted the availability of alternative financing that could have allowed Knotel to weather the decline in revenues due to COVID-19 disruptions to its business model.  As a result, and as described in greater detail in the First Day Declaration, the Debtors hope to use the breathing space afforded by the bankruptcy process to adequately market and monetize their assets.  The Debtors believe that conducting an open and competitive marketing process in the context of these chapter 11 cases represents the best strategy to maximize the value of the Debtors' business for their various stakeholders.  Furthermore, the Debtors expect that an expedited sale process will allow the Debtors to capitalize on anticipated post-pandemic trends as companies bring their employees back to the office and seek more flexible, efficient, and fully-managed workspace arrangements in a dedicated, non-shared environment.

8.      In order to maintain the liquidity necessary to complete the sale process, the Debtors have identified those executory contracts and unexpired leases that are financially burdensome and/or are no longer necessary to the administration of the Debtors' estates such that they provide no meaningful value to the Debtors or their estates. Accordingly, in their exercise of

their business judgment, the Debtors seek to reject the Specified Contracts and Leases that are the

subject of this Motion.[3]

## BASIS FOR RELIEF

**I.      Rejection of the Specified Contracts and Leases reflects a sound exercise of the Debtors' business judgment and should be authorized.**

9.      Section 365(a) of the Bankruptcy Code provides that a debtor may, with

court approval, assume or reject an executory contract or unexpired lease.  11 U.S.C. § 365(a).  In

determining whether to approve a debtor's request to assume or reject an executory contract or

unexpired lease, courts generally defer to the debtor's business judgment.  *NLRB v. Bildisco &*

*Bildisco*, 465 U.S. 513, 523 (1984) (stating that the traditional standard applied by courts to

authorize the rejection of an executory contract is that of "business judgment"); *see also In re*

*Taylor*, 913 F.2d 102 (3d. Cir. 1990); *In re Buckhead America Corp.*, 180 B.R. 83 (Bankr. D. Del.

1995).

10.      Courts generally will not second guess a debtor's business judgment

concerning rejection of an executory contract or unexpired lease.  *See In re Trans World Airlines,*

*Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) ("A debtor's decision to reject an executory contract

must be summarily affirmed unless it is the product of bad faith, or whim or caprice." (internal

quotations omitted)).  The "business judgment" test is not a strict standard; it merely requires a

showing that either assumption or rejection of the executory contract or unexpired lease will

benefit the debtor's estate.  *N.L.R.B. v. Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3rd Cir. 1982)

(noting that the "usual test for rejection of an executory contract is simply whether rejection would

---

[3]      Additional detail regarding the Debtors, their business, the events leading to commencement of these cases, and the facts and circumstances supporting the relief requested herein is set forth in the First Day Declaration and is incorporated herein by reference.

benefit the estate") *aff'd*, 465 U.S. 513.  Further, "[s]ection 365 enables the [debtor] to maximize

the value of the debtor's estate by assuming executory contracts and unexpired leases that benefit

the estate and rejecting those that do not." *L.R.S.C. Co. v. Rickel Home Centers, Inc. (In re Rickel*

*Home Centers, Inc.)*, 209 F.3d 291, 298 (3d Cir. 2000); *see also Stewart Title Guar. Co. v. Old*

*Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (section 365 of the Bankruptcy

Code "allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not

been completely performed").

        11.    Under the circumstances, the rejection of the Specified Contracts and

Leases is an appropriate exercise of the Debtors' business judgment that will reduce financial,

administrative and other burdens on the Debtors' estates. In order to restructure their business, the

Debtors have determined to reduce their workspace footprint by rejecting the Specified Contracts

and Leases. Accordingly, the Specified Contracts and Leases are no longer necessary to the

Debtors' business or otherwise in connection with the administration of the Debtors' estates.  The

Specified Contracts and Leases include agreements that the Debtors have determined are

financially burdensome to the Debtors and that appear to have no marketable value that could be

generated through assumption and assignment.  Accordingly, the Debtors' continued performance

under the Specified Contracts and Leases would constitute an unnecessary depletion of value of

the Debtors' estates.

        12.    For these reasons, the Court should authorize the Debtors to reject the

Specified Contracts and Leases.

**II.**    **Rejection of the Specified Contracts and Leases *nunc pro tunc* to the Petition Date is warranted.**

        13.    The Court should authorize rejection of the Specified Contracts and Leases

*nunc pro tunc* to the Petition Date, because the Debtors stated unequivocally their intention to

reject the Specified Contracts and Leases by filing the Motion.  Courts in this district and elsewhere recognize that *nunc pro tunc* rejection is appropriate where the balance of the equities favors such relief.  *See SCS Co. v. Peter J. Schmitt Co.*, No. 94-125-RRM, 1995 U.S. Dist. LEXIS 22163, at *5 (D. Del. May 15, 1995) (noting that a bankruptcy court has authority to select a retroactive date for the effective date of a lease's rejection);  *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (acknowledging that a bankruptcy court may approve a rejection retroactive to the date the motion is filed after balancing the equities in the particular case); *In re Fleming Cos.*, 304 B.R. 85, 96 (Bankr. D. Del. 2003) (stating that rejection has been allowed *nunc pro tunc* to the date of the motion or the date the premises were surrendered); *see also Thinking Machs. Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machs. Corp.)*, 67 F.3d 1021, 1028 (1st Cir. 1995) (finding that, in the context of rejections of executory contracts, "bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation").

14.    The balance of equities favors the relief requested herein. Without a retroactive date of rejection, contractual counterparties may attempt to assert additional administrative expenses under the Specified Contracts and Leases.  As stated above, the Debtors no longer have use for such Specified Contracts and Leases, and maintaining the contracts and leases would cause unnecessary burden on the Debtors and their estates.  Furthermore, the Debtors have given notice to the various landlords party to the Specified Leases and the customers party to the Specified Contracts in connection with those locations that (i) the Debtors have vacated and surrendered the leased premises and abandoned Personal Property remaining on the premises and (ii) the landlords should immediately begin efforts to relet the premises to mitigate their damages. The Debtors have also returned the keys for the leased premises to the respective landlords, or are

in the processing of doing so.  Therefore, the Debtors respectfully submit that it is fair and equitable for the Court to order that the Specified Contracts and Leases be rejected retroactively as of the Petition Date.

**III.    Abandonment of any Personal Property remaining at the premises of the Specified Leases is Warranted.**

15.    In the event that any Personal Property remains on the premises of the Specified Leases or in the possession of a counterparty to the leases as of the Petition Date, the Debtors request the Court's approval of the Debtors' abandonment of such Personal Property, pursuant to Bankruptcy Code section 554(a), effective as the Petition Date.

16.    Bankruptcy Code section 554(a) provides that "[a]fter notice and a hearing, the [debtor] may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."  11 U.S.C. § 554(a).  The right to abandon is virtually unfettered, unless abandonment of the property will contravene laws designed to protect public health and safety and the property poses an imminent threat to the public's welfare.  *See Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.* (*In re Midlantic Nat'l Bank*), 474 U.S. 494, 501 (1986).  Neither of these limitations is relevant here.

17.    The Debtors submit that any Abandoned Personal Property is of inconsequential value or burdensome to the Debtors' estates to remove. Among other things, the cost of retrieving, marketing, and reselling the Abandoned Personal Property outweighs any recovery that the Debtors and their estates could reasonably hope to attain for such Abandoned Personal Property.  Moreover, the Debtors have determined that the Abandoned Personal Property does not pose a threat to public health or safety.  As a result, the Debtors have determined, in their business judgment, that the abandonment of any such Abandoned Personal Property, effective as

8

of February 1, 2021, is a sound exercise of their business judgment, and is necessary, prudent, and in the best interests of the Debtors, their estates, and creditors.

## IV.    Compliance with Bankruptcy Rule 6006(f)

18.    Bankruptcy Rule 6006(f) establishes requirements for a motion to reject multiple executory contracts or unexpired leases that are not each between the same parties.  Rule 6006(f) states, in part, that such a motion shall:

    a.    state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

    b.    list parties alphabetically and identify the corresponding contract or lease;

    c.    be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

    d.    be limited to no more than 100 executory contracts or unexpired leases.

Bankr. R. 6006(f).

19.    The Debtors respectfully submit that this Motion complies with the requirements of Rule 6006(f) applicable to this Motion.

## V.    Request for Immediate Relief & Waiver of Stay

20.    Pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors seek a waiver of any stay of the effectiveness of an order granting this Motion, to the extent that it applies to the relief requested in this motion. Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  The relief requested herein is essential to avoid the potential accrual of unnecessary administrative expenses.  Accordingly, the Debtors submit that, to the extent that Bankruptcy Rule 6004(h) applies, ample cause exists to justify a waiver of the fourteen-day stay.

**RESERVATION OF RIGHTS**

21.     Nothing herein is intended or shall be construed to: (a) constitute an admission as to the validity, amount or priority of any claim or lien against the Debtors or a promise or requirement to pay any claim; (b) constitute a waiver of the Debtors' rights to dispute any claim or assert any defenses or counterclaims to such claim or against the applicable claim proponent; (c) constitute a waiver or limitation of any claim, cause of action, right or defense of the Debtors, including any that exists against any entity; (d) constitute a ratification or assumption of any agreement, contract or lease under section 365 of the Bankruptcy Code; (e) constitute an admission or concession by the Debtors that any lien is valid; or (f) prejudice the Debtors' rights to assert that any of the Specified Contracts and Leases (i) are not executory or within the meaning of section 365 of the Bankruptcy Code or (ii) have expired or have been terminated, or (d) prohibit the Debtors from seeking to reject any other executory contracts or leases.

**NOTICE**

22.     Notice of this Motion will be provided to: (i) the Office of the United States Trustee; (ii) the contract parties listed in Exhibit 1 to the Proposed Order; (iii) counsel to the DIP Lender and Prepetition Lender; and (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form of the Proposed Order attached as **Exhibit A** and grant such other relief as is just and proper under the circumstances.

Dated: January 31, 2021          MORRIS, NICHOLS, ARSHT & TUNNELL LLP
     Wilmington, Delaware          */s/  Robert J. Dehney*
                            Robert J. Dehney (No. 3578)

Matthew B. Harvey (No. 5186)
Matthew O. Talmo (No. 6333)
1201 N. Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: rdehney@mnat.com
       mharvey@mnat.com
       mtalmo@mnat.com

- and –

Mark Shinderman
Daniel B. Denny
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone: (424) 386-4000
Facsimile: (213) 629-5063
Email: mshinderman@milbank.com
       ddenny@milbank.com

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

**<u>Exhibit A</u>**

Proposed Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Knotel, Inc., *et al.*, | Case No. 21-10146 (MFW) |
| Debtors.[1] | Jointly Administered |
| | **Re: D.I. ___** |

## SECOND OMNIBUS ORDER (I) AUTHORIZING THE DEBTORS TO REJECT CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES *NUNC PRO TUNC* TO THE PETITION DATE, (II) ABANDON ANY PERSONAL PROPERTY THAT REMAINS AT THE LEASE PREMISES, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors"), pursuant to sections 105(a) and 365 of the Bankruptcy Code and Bankruptcy Rule 6006 and 9014, for entry of an order (this "Order"): (i) authorizing the Debtors to reject certain executory contracts and unexpired leases set forth on **Exhibit 1** attached hereto (the "Specified Contracts and Leases"), (ii) authorizing the Debtors to abandon any personal property of the Debtors, including, but not limited to, furniture, fixtures, and equipment (collectively, the "Personal Property") that remains at the premises of the Specified Leases, and (iii) granting related relief; and upon consideration of the First Day Declaration; and due and sufficient notice of the Motion having been given under the circumstances; and it appearing that no other or further notice need be provided under the circumstances; and it appearing that the relief

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.omniagentsolutions.com/knotel or, alternatively, via the Bankruptcy Court at https://ecf.deb.uscourts.gov/cgi-bin/login.pl with a Public Access to Court Electronic Records ("PACER") account, which may be obtained at https://pacer.uscourts.gov.  The location of Debtor Knotel, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 5-9 Union Square West, New York, NY 10003.

[2]   Capitalized terms not defined herein are defined in the Motion

requested by this Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      Pursuant to sections 105(a) and 365(a) of the Bankruptcy Code, the Specified Contracts and Leases identified on **Exhibit 1** are hereby rejected by the Debtors, effective as of January 31, 2021. The Specified Contracts shall be rejected solely to the extent the counterparties to the Specified Contracts are not in material breach of their respective Specified Contract.

3.      Except as otherwise indicated on **Exhibit 1**, the rejection of each Specified Lease included on **Exhibit 1** shall constitute a rejection of all unexpired leases for the same building location to which the Debtors and the counterparty to the Specified Lease are parties.

4.      Pursuant to sections 105(a) and 554(a) of the Bankruptcy Code and Bankruptcy Rule 6007, any Personal Property remaining on the premises of the Specified Leases or in the possession of a counterparty to the Specified Leases as of January 31, 2021, is hereby abandoned by the Debtors.

5.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing in the Motion or this Order shall: (a) constitute an admission as to the validity, amount or priority of any claim or lien against the Debtors or a promise or requirement to pay any claim; (b) constitute a waiver of the Debtors' rights to dispute any claim or assert any defenses or counterclaims to such claim or against the applicable claim proponent; (c) constitute a waiver or limitation of any claim, cause of action, right or defense of the Debtors, including any that exists against any entity; (d) constitute a ratification or assumption of any agreement, contract or lease under section 365 of the Bankruptcy Code; (e) constitute an admission or concession by the

Debtors that any lien is valid; or (f) prejudice the Debtors' rights to assert that any of the Specified

Contracts and Leases (i) are not executory or within the meaning of section 365 of the Bankruptcy

Code or (ii) have expired or have been terminated, or (d) prohibit the Debtors from seeking to

reject any other executory contracts or leases.

6.      The Motion complies with the requirements of Bankruptcy Rule 6006(f).

7.      Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective

immediately and enforceable upon its entry, including the rejection of the Specified Contracts and

Leases granted herein which shall be rejected by the Debtors and the abandonment of the Personal

Property remaining on the premises of the Specified Leases, effective as of January 31, 2021.

8.      This Court shall retain jurisdiction to hear and determine all matters arising

from or related to the implementation of this Order.


Dated: _____, 2021
        Wilmington, Delaware


_____
        UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

**Specified Contracts and Leases to be Rejected**

| # | Contract Counterparty | Counterparty Address | Description of Contract or Lease | Lease or Contract Location | Debtor |
|---|---|---|---|---|---|
| 1. | | 5-9 Union Square West, New York, NY 10003 | Control and Severance Agreement | N/A | Knotel, Inc. |
| 2. | 11 East 44th Street, LLC | c/o Vito Giannola 11 East 44th Street New York, NY 10017 | Lease Agreement | 11 East 44th Street New York, NY 10017 | Knotel 11 E 44th LLC |
| 3. | 110 Greene Fee Owner LP | 110 Greene Street New York, NY 10012 | Lease Agreement | 110 Greene Street New York, NY 10012 | Knotel 110 Greene LLC |
| 4. | 12 West 21st Street Associates LLC | 12 West 21st Street New York, NY 10001 | Lease Agreement | 12 West 21st Street New York, NY 10001 | Knotel 12 W 21st St LLC |
| 5. | 12 West 27th Street Associates LLC | 12 West 27th Street New York, NY 10001 | Lease Agreement | 12 West 27th Street New York, NY 10001 | Knotel 12 W 27th St LLC |
| 6. | 126 Post LLC | 126 Post Street, Suite 616 San Francisco, CA 94108 | Lease Agreement | 126 Post San Francisco, CA 94108 | 126 Post ST SF LLC |
| 7. | 13 West 35th Street Associates LP | 1235 Broadway, 3rd floor, New York, NY l0001 | Lease Agreement | 213 West 35th Street New York, NY 10001 | Knotel 213 W 35th St, LLC, |
| 8. | 150 Post Street LLC | c/o TMG Partners 100 Bush Street, 26th Floor San Francisco, CA 94104 | Lease Agreement | 150 Post San Francisco, CA 94108 | Knotel 150 Post LLC |
| 9. | 156 fifth Avenue Corp | 156 Fifth Avenue, Suite 300 New York, NY 10010 | Lease Agreement | 156 Fifth Avenue New York, NY 10010 | Knotel 156 Fifth Ave, LLC |

| | | | | |
|---|---|---|---|---|
| 10. | 195 Broadway Property LLC | 195 Broadway New York, NY 10007 | Lease Agreement | 195 Broadway New York, NY 10007 | 195 Broadway NYC LLC |
| 11. | 22 WEST 21ST, LLC | 110 West Creek Farms Road, Sands Point, New York 11050 | Lease Agreement | 22 West 21st Street, 2nd Floor New York, NY 10010 | 22 W 21 ST NYC LLC |
| 12. | 240 W 35, LLC | 240 West 35th Street New York, NY 10001 | Lease Agreement | 240 West 35th Street New York, NY 10001 | 240 W 40th ST NYC LLC |
| 13. | 30 Cooper Square, LLC | 30 Cooper Square New York, NY 1003 | Lease Agreement | 30 Cooper Square New York, NY 10003 | Knotel, Inc. |
| 14. | 300 Montgomery Associates | c/o CBRE Asset Services 300 Montgomery Street, Suite 628 San Francisco, CA 94104 | Lease Agreement | 300 Montgomery San Francisco, CA 94104 | 300 Montgomery St SF LLC |
| 15. | 307 Fifth Avenue, LLC | 313 Fifth Avenue, 2nd Floor New York, NY 10016 | Lease Agreement | 307 5th Avenue New York, NY 10016 | Knotel 307 Fifth LLC |
| 16. | 31 West 27th Street Property Investors IV LLC | 31 West 27th Street New York, NY 10001 | Lease Agreement | 31 West 27th Street New York, NY 10001 | Knotel 31 W 27th LLC |
| 17. | 333 Broadway SF Owner LLC | 33 West 17th Street, 2nd Floor New York, NY 10011 | Lease Agreement | 333 Broadway San Francisco, CA 94133 | 333 Broadway SF Tenant LLC |

| | | | | |
|---|---|---|---|---|
| 18. | 373-381 PAS Associates, LLC | 373 Park Avenue South New York, NY 10016 | Lease Agreement | 373 Park Avenue South New York, NY 10016 | Knotel 373 PAS LLC |
| 19. | 3VR Security, Inc. | 201 Walnut Avenue, Suite 310 Fremont, CA 94538 | Lease Agreement | 814 Mission Street San Francisco, CA 94103 | Knotel 814 Mission LLC |
| 20. | 4324 Company | 43 West 24th Street New York, NY 10010 | Lease Agreement | 43 West 24th Street New York, NY 10010 | Knotel 43 W 24 ST LLC |
| 21. | 5 Hanover Square (NY) Owner, LLC | 4700 Wilshire Boulevard Los Angeles, CA 90010 | Lease Agreement | 5 Hanover Square New York, NY 10004 | Knotel 5 Hanover LLC |
| 22. | 53-55 West 21st Owner LLC | 54 W 21st Street New York, NY 10010 | Lease Agreement | 54 W 21st Street New York, NY 10010 | Knotel 54 W 21st LLC |
| 23. | 535-545 Fee LLC | 545 5th Avenue New York, NY 10017 | Lease Agreement | 545 5th Avenue New York, NY 10017 | 545 5th Ave NYC LLC |
| 24. | 54 West 22nd Owner LLC | 54 West 22nd Street New York, NY 10010 | Lease Agreement | 54 West 22nd Street New York, NY 10010 | Knotel 54 W 22nd LLC |
| 25. | 6 West 48th Street LLC | 184 Fisher Avenue Brookline, MA 02445 | Lease Agreement | 6 West 48th Street New York, NY 10036 | Knotel 6 W 48th ST LLC |
| 26. | 785 Market Street LLC | 785 Market St San Francisco, CA 94103 | Lease Agreement | 785 Market St San Francisco ,CA 94103 | Knotel 785 Market LLC |
| 27. | 91 Fifth Avenue Corp. | 91 Fifth Avenue New York, NY 10003 | Lease Agreement | 91 Fifth Avenue New York, NY 10003 | 91 Fifth Ave NYC LLC |
| 28. | 972 Mission Street LLC | 972 Mission Street San Francisco, CA 94103 | Lease Agreement | 972 Mission San Francisco, CA 94103 | Knotel 972 Mission LLC |
| 29. | Amazon.com Services LLC | 202 Westlake Avenue N Seattle, WA 98109 | Customer Contract | 8590 National Boulevard Culver City, CA 90232 | 8590 National BLVD LA LLC |
| 30. | Amazon.com Services LLC | 202 Westlake Avenue N Seattle, WA 98109 | Customer Contract | 8690 National Boulevard, Culver City, CA 90232 | 8690 National BLVD LA LLC |
| 31. | Anejo Holdings, LLC | 3573 Hayden Avenue Culver City, CA 90232 | Lease Agreement | 1625 Olympic Los Angeles, CA 90015 | 1625 Oly Blvd LA LLC |
| 32. | ARTISTIC RIBBON & NOVELTY CO., INC. | 31 Sierra Court, Hillsdale, New Jersey 07642 | Lease Agreement | 22 West 21st Street, 3rd Floor New York, NY 10010 | 22 W 21 ST NYC LLC |
| 33. | Beverly-Boston Limited Partnership | 239 Causeway Street Boston, MA 02114 | Lease Agreement | 239 Causeway Street Boston, MA 02114 | 239 Causeway St Boston LLC |
| 34. | Bizzabo, Inc. | 114 West 26th Street, 9th Floor New York, NY 10001 | Customer Contract | 31 West 27th Street New York, NY 10001 | Knotel 31 W 27th LLC |
| 35. | Blink Health LLC | 530 Broadway, 2nd Floor New York, NY 10012 | Customer Contract | 1407 Broadway New York, NY 10018 | 1407 Broadway NYC LLC |

| 36. | Bond Street Levy LLC | 666 Broadway, 8th FL New York, New York 10012 | License Agreement | 16 West 22nd Street New York, NY 10010 | Knotel Inc. |
|---|---|---|---|---|---|
| 37. | BSD Michael 101, LLC | 99-101 Fifth Avenue New York, NY 10003 | Lease Agreement | 101 Fifth Avenue New York, NY 10003 | 101 Fifth Ave NYC LLC |
| 38. | Capurro Properties LLC, Series D | 400 Sutter Street San Francisco, CA 94108 | Lease Agreement | 400 Sutter Street San Francisco, CA 94108 | 400 Sutter ST SF LLC |
| 39. | CCT Helms LLC | 8590 National Boulevard Culver City, CA 90232 | Lease Agreement | 8590 National Boulevard Culver City, CA 90232 | 8690 National BLVD LA LLC |
| 40. | CCT Helms LLC | 10301 W. Jefferson Boulevard Culver City, CA 90232 | Lease Agreement | 10301 Jefferson Boulevard Culver City, CA 90232 | 10301 Jefferson BLVD LA LLC |
| 41. | CF Santa Monica Office III, L.P. | 712 Main Street, Suite 2500 Houston, TX 77002 | Lease Agreement | 1556 20th Street Santa Monica, CA 90404 | 1556 20TH LA LLC |
| 42. | Collective Returns, Inc., DBA Stash Invest | 27 West 24th Street New York, NY 10010 | Lease Agreement | 27 West 24th Street New York, NY 10010 | Knotel Platform 2017 LLC |
| 43. | CP/IPERS ALCHEMY 43RD STREET OWNER LLC | % Alchemy-ABR Investment Partners, 800 Third Avenue, 22nd Floor, New York, New York 10022 | Lease Agreement | 211 East 43rd Street New York, NY 10017 | KNOTEL 211 EAST 43 LLC |
| 44. | Cruise LLC | 333 Brannan Street San Francisco, CA 94107 | Lease Agreement | 301 Brannan Street San Francisco, CA 94107 | 301 Brannan Street SF LLC |
| 45. | Doordash, Inc. | 303 Second Street San Francisco, CA 94107 | Lease Agreement | 901 Market Street San Francisco, CA 94103 | 901 Market ST SF, LLC |
| 46. | DP 1550 Bryant, LLC | 818 W. 7th Street, Suite 410 Los Angeles, CA 90017 | Lease Agreement | 1550 Bryant San Francisco, CA 94103 | 1550 Bryant ST SF LLC |
| 47. | DP550, LLC | 550 Montgomery Street, Ste 750 San Francisco, CA 94111 | Lease Agreement | 550 Montgomery San Francisco, CA 94111 | Knotel 550 Montgomery, LLC |
| 48. | Earnest LLC | 303 Second Street, North Tower, Suite 401 San Francisco, CA 94107 | Lease Agreement | 303 2nd Street San Francisco, CA 94107 | 303 Second St SF LLC |
| 49. | East 29 Associates, LLC | 38 East 29th Street New York, NY 10016 | Lease Agreement | 38 East 29th Street New York, NY 10016 | Knotel 38 E 29th LLC |
| 50. | Entrex Holdings, LP | 301 University Avenue, Suite 100 Sacramento, CA 95825 | Lease Agreement | 417 Montgomery Street San Francisco, CA 94104 | Knotel 417 Montgomery LLC |

| | | | | |
|---|---|---|---|---|
| 51. | G&S Realty 1 LLC | c/o Savitt Partners, LLC<br>530 7th Avenue<br>New York, NY 10018 | Lease Agreement** | 530 7th Avenue<br>Suite 1001, Suite 805, Suite 2081, 15th Floor New York, NY 10018 | Knotel 530 Seventh Avenue LLC |
| 52. | General Hardware Manufacturing Co., Inc. | 80 White Street<br>New York, NY 10013 | Lease Agreement | 80 White Street<br>New York, NY 10013 | Cortlandt White NYC LLC |
| 53. | Genius Brands International | 190 North Canon Drive, 4th Fl<br>Beverly Hills, CA 90210<br>Attn: Michael Jaffa | Sublease Agreement | 131 S. Rodeo<br>Beverly Hills, CA 90212 | 131 Rodeo 250 LA LLC |
| 54. | Globalwindex | 22 W 38th Street<br>New York, NY 10018 | Customer Contract | 45 West 25th Street<br>New York, NY 10010 | Knotel 41 W 25 LLC |
| 55. | GoDaddy MSH, Inc. | 1455 N Hayden Road<br>Scottsdale, AZ 82560 | Lease Agreement | 1407 Broadway<br>New York, NY 10018 | 1407 Broadway NYC LLC |
| 56. | Grind, LLC | 419 Park Avenue South<br>New York, NY 10016 | Lease Agreement | 419 Park Avenue South New York, NY 10016 | Knotel 419 PAS LLC |
| 57. | Hanover Estates LLC | 45 West 25th Street<br>New York, NY 10010 | Lease Agreement | 45 West 25th Street<br>New York, NY 10010 | Knotel 41 W 25 LLC |
| 58. | Inventure Capital Corporation | 429 Santa Monica Blvd. Los Angeles, CA 90401 | Lease Agreement | 429 Santa Monica Blvd. Los Angeles, CA 90401 | 429 Santa Monica Blvd LA LLC |
| 59. | JPPF 660 Market, L.P. | 660 Market Street<br>San Francisco, CA 94014 | Lease Agreement | 660 Market Street<br>San Francisco, CA 94104 | Tenant 660 MKT ST SF LLC |
| 60. | JUKELY INC. | 209 N. Bili Street,<br>Brooklyn, NY 11211 | Lease Assignment, Assumption and Release Agreement | 209 North 8th Street<br>Brooklyn, NY 11211 | knotel Inc. |
| 61. | JUUL Labs, Inc. | 225 Bush Street, 11th Floor<br>San Francisco, CA 94107 | Customer Contract | 625 Second Street<br>San Francisco, CA 94107 | Knotel, Inc. |
| 62. | JUUL Labs, Inc. | 225 Bush Street, 11th Floor<br>San Francisco, CA 94107 | Customer Contract | 625 Second Street, Suite 230<br>San Francisco, CA 94107 | Knotel, Inc. |
| 63. | KIAMIE INDUSTRIES, INC. | 31 East 32nd Street<br>New York, New York 10016 | Lease Agreement | 16 West 36th Street<br>New York, NY 10018 | 16 W 36 ST NYC LLC |
| 64. | Kilroy Realty 303, LLC | c/o Kilroy Realty Corporation<br>12200 West Olympic Boulevard, Suite 200<br>Los Angeles, CA 90064 | Lease Agreement | 303 2nd Street<br>San Francisco, CA 94107 | 303 Second St SF LLC |

| 65. | LCPC Lafayette Property LLC | c/o Beacon Capital Partners, LLC 200 State Street, Floor 5 Boston ,MA 02109 | Lease Agreement | 1120 20th Street Northwest Washington, D.C. 20036 | 1120 20th St DC LLC |
|---|---|---|---|---|---|
| 66. | Legacy 455 Market Street L.P. | 455 Market Street, Suite 1000 San Francisco, CA 94105 | Lease Agreement | 455 Market San Francisco, CA 94105 | 455 Market ST SF LLC |
| 67. | Lexington Borrower, LLC/369 Lexington Borrower II, LLC | 369 Lexington Avenue, 17th Floor New York, NY 10017 | Lease Agreement | 369 Lexington Ave New York, NY 10016 | 369 Lexington Ave NYC LLC |
| 68. | Madison Sixty Owner LLC | 60 Madison Avenue New York, NY 10010 | Lease Agreement | 60 Madison Avenue New York, NY 10010 | 60 Madison NYC LLC |
| 69. | Michael Orbach Two Friends Realty LLC | 259 West 30th Street New York, NY 10001 | Lease Agreement | 259 West 30th Street New York, NY 10001 | 259 W 30TH NYC LLC |
| 70. | Michael Orbach West 39-260 Realty LLC | 260 West 39th Street New York, NY 10018 | Lease Agreement | 260 West 39th Street New York, NY 10018 | 260 W 39th NYC LLC |
| 71. | Mixpanel, Inc. | 405 Howard Street San Francisco, CA 94105 | Lease Agreement | 405 Howard Street San Francisco, CA 94105 | 405 Howard Street SF LLC |
| 72. | MPIatform, LLC | Group M, 3 World Trade Center New York, NY 10048 | Lease Agreement | 80 8th Avenue New York, NY 10011 | Knotel 80 Eighth Ave LLC |
| 73. | Nazwin Associates, Inc | 720 E. Palisade Avenue Englewood Cliffs, NJ 07632 | Lease Agreement | 390 Broadway New York, NY 10013 | 390 Broadway NYC LLC |
| 74. | Noho Solutions, Inc. | 31 West 27th Street, 4th Floor New York, NY 10001 | Customer Contract | 31 West 27th Street New York, NY 10001 | Knotel 31 W 27th LLC |
| 75. | Old 875 LLC and New 875 LLC | 875 Sixth Avenue New York, NY 10001 | Lease Agreement | 875 Sixth Avenue New York, NY 10001 | 875 6th Ave NYC LLC |
| 76. | Orc International | 229 West 43rd Street New York, NY 10036 | Lease Agreement | 229 West 43rd Street New York, NY 10036 | Knotel 229 W 43 LLC |
| 77. | Peak State RE LLC | 555 Madison Avenue, 5th Floor New York, NY 10022 Attn: Dmitry Vorontsov notices@peakstate.vc  Dentons US LLP 601 South Figueroa St., Suite 2500 Los Angeles, CA 90017 Attn: Carl R. Steen, Esq. carl.steen@dentons.com | LLC Operating Agreement of 333 Broadway SF JV LLC | N/A | Knotel Properties LLC |
| 78. | Pitchbook Data, Inc | 901 5th Avenue, Suite 1200 Seattle, WA 98164 | Lease Agreement | 155 5th Avenue New York, NY 10010 | Knotel 155 Fifth Ave, LLC |

| 79. | PREF 580 Market, LLC | 580 Market Street<br>San Francisco, CA 94104 | Lease Agreement | 580 Market Street<br>San Francisco, CA 94104 | Knotel 580 Market LLC |
|---|---|---|---|---|---|
| 80. | QUOTIDIAN VENTURES LLC | c/o Pedro Torres-Mackie, 30 Furman Street, Suite 403, Brooklyn, New York 11201 | Sublease Agreement (6th Floor) | 16 West 22nd Street<br>New York, NY 10010 | KNOTEL 16 W 22nd LLC |
| 81. | Rubicon Global Holdings, LLC | One Atlanta Plaza<br>950 East Paces Ferry Road<br>Atlanta, GA 30326 | Lease Agreement | 950 East Paces Ferry Road Northeast<br>Atlanta, GA 30326 | Paces Ferry Road ATL, LLC |
| 82. | Scale API | c/o Scale Labs<br>303 2nd Street, 5th Floor<br>San Francisco, CA 94107 | Customer Contract | 303 2nd Street<br>San Francisco, CA 94107 | 303 Second St SF LLC |

| | | | | |
|---|---|---|---|---|
| 83. | Stephen G. Eiselman, Trustee of the Stephen G. Eiselman Trust dated July 24, 2013, as to an undivided 25% interest;<br><br>Gail S. Eiselman, Trustee of the Gerald and Gail Eiselman Living Trust dated December 11, 2002, as to an undivided 25% interest;<br><br>Alan Cash and Nancy Eiselman, as Co-Trustees of the Alan & Nancy Cash (Eiselman) Living Trust, U/A dated September 3, 2013, as to an undivided 25% interest;<br><br>Daniel J. Eiselman and Pamela J. Eiselman, Trustee or Successor Trustee of the Eiselman Family Revocable Trust dated March 28, 1995, as to an undivided 25% interest;<br><br>All as tenants in common | Colton Commercial Partners, Inc. Attention: Brad Colton 565 Commercial Street, 4th Floor San Francisco, CA 94111 | Lease Agreement | 109 Stevenson Street San Francisco, CA 94105 | Knotel 109 Stevenson Street, LLC |
| 84. | STS Media, Inc. | 1100 Glendon Avenue Los Angeles, CA 90024 | Lease Agreement | 1100 Glendon Avenue Los Angeles, CA 90024 | 1100 Glendon LA LLC |
| 85. | Tahor 26 Owner LLC and 295 Madison Property Owner LLC | 295 Madison Avenue, Suite 977 New York, NY 10017 | Lease Agreement | 295 Madison Avenue New York, NY 10017 | 295 Madison NYC LLC |

| | | | | |
|---|---|---|---|---|
| 86. | Teachers Insurance and Annuity Association of America | 88 Kearny Street, Suite 1350 San Francisco, CA 94108 | Lease Agreement | 88 Kearny Street San Francisco, CA 94108 | 88 Kearny ST SF LLC |
| 87. | The Fjeld Family Limited Partnership | 55 Oak Court Danville, CA 94526 | Lease Agreement | 121 Second Street San Francisco, CA 94105 | Knotel 121 2nd Street, LLC |
| 88. | The Joseph Rosen Foundation, Inc | c/o Koeppel Rosen LLC 40 East 69th Street New York, NY 10021 | Lease Agreement | 152 West 25th Street New York, NY 10001 | 152 W 25 NYC LLC |
| 89. | THE RECTOR, CHURCH-WARDENS AND VESTRYMEN OF TRINITY CHURCH IN THE CITY OF NEW YORK | 120 Broadway, 38th Floor New York, New York 10271 | Lease Agreement | 137 Varick Street New York, NY 10013 | KNOTEL VARICK LLC, |
| 90. | The Ruth Associates I LLC | 412 Mamaroneck Avenue PO Box 563 Mamaroneck, NY 10543 | Lease Agreement | 102 Madison Avenue New York, NY 10016 | KNOTEL 102 MADISON LLC. |
| 91. | Thor Fifth Avenue LLC | 590 Fifth Avenue New York, NY 10036 | Lease Agreement | 590 5th Avenue New York, NY 10036 | 590 Fifth Ave NYC LLC |
| 92. | Toda America, Inc. | 600 Townsend Street San Francisco, CA 94103 | Lease Agreement | 600 Townsend Street San Francisco, CA 94103 | Knotel 600 Townsend LLC |
| 93. | Trea Wilshire Rodeo, LLC | c/o CBRE, Inc. 9536 Wilshire Boulevard, Suite 210 Beverly Hills, California 90212 | Lease Agreement | 131 South Rodeo Drive Beverly Hills, CA 90212 | 131 Rodeo 102 LA LLC |
| 94. | UNIZO REAL ESTATE NY TWO, LLC | c/o Brickman Management LLC, 712 Fifth Avenue New York, New York 10019 | Lease Agreement | 28 West 25th Street New York, NY 10010 | 28 W 25 NYC LLC |
| 95. | Wachsman PR, LLC | 40 Exchange Place, Suite 1310 New York, NY 10005 | Customer Contract | 40 Exchange Place, Suite 1310 New York, NY 10005 | Knotel, Inc. |
| 96. | Walden TR Cap LLC | 5600 W Jefferson Boulevard Los Angeles, CA 90016 | Lease Agreement | 3520 Wesley Street Culver City, CA 90232 | Knotel, Inc. |
| 97. | West Washington Investors, L.P. | 12211 W. Washington Blvd Los Angeles, CA 90066 | Lease Agreement | 12211 Washington Blvd. Los Angeles, CA 90066 | 12211 W. Washington LA LLC |

| 98. | Westfield 816-818 Mission Street LLC | 2049 Century Park East 41st Floor Los Angeles, CA 90067 | Lease Agreement | 818 Mission Street San Francisco, CA 94103 | 818 Mission ST SF LLC |
|---|---|---|---|---|---|
| 99. | Winter Equities Company, L.P. | 26 West 17th Street New York, NY 10011 | Lease Agreement | 26 West 17th Street New York, NY 10011 | 26 W 17th St NYC LLC |

** The Debtors are rejecting the leases at 530 7th Avenue, New York, NY 10018 solely with respect to Suite 1001, Suite 805, Suite 2081, and the 15th Floor. The Debtors do not reject the other remaining leases with the contract counterparty at 530 7th Avenue, New York, NY 10018.