# **EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| KNOTEL, INC., *et al.*, | Case No. 21-10146 (MFW) |
| Debtors.<sup>1</sup> | Jointly Administered |
| | **Re: Docket No. ___** |

**ORDER SUSTAINING FIRST OMNIBUS (SUBSTANTIVE)**
**OBJECTION TO CERTAIN (I) INVALID 503(B)(9) CLAIMS**
**AND (II) MISCLASSIFIED CLAIMS**

Upon the objection (the "**Objection**") the Official Committee of Unsecured Creditors (the "**Committee**") appointed in the chapter 11 cases of the above captioned debtors and debtors-in-possession (the "**Debtors**"), pursuant to sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, to certain proofs of claim filed by the claimants (the "**Claimants**") listed on Schedule 1 (the "**Invalid 503(b)(9) Claims**") and Schedule 2 (the "**Misclassified Claims**", and collectively with the Invalid 503(b)(9) Claims, the "**Disputed Claims**") hereto; and this Court having reviewed the Objection and the Saltzman Declaration; and this Court having determined that the relief requested in the Objection is in the best interests of the Debtors, their estates, their creditors, and other parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and this Court having jurisdiction to consider the Objection and the relief requested therein in accordance with

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.omniagentsolutions.com/knotel or, alternatively, via the Bankruptcy Court at https://ecf.deb.uscourts.gov/cgi-bin/login.pl with a Public Access to Court Electronic Records ("**PACER**") account, which may be obtained at https://pacer.uscourts.gov. The Debtors' service address in these chapter 11 cases is 9 East 8th Street, Box 113, New York, NY 10003.

28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and consideration of the Objection and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and this Court having authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Objection has been given and that no other or further notice is necessary; and upon all of the proceedings before this Court; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Objection is SUSTAINED as set forth herein.

2. Any response to the Objection not otherwise withdrawn, resolved, or adjourned is hereby overruled on its merits.

3. Each of the Invalid 503(b)(9) Claims listed in the column titled "Claim #" on the attached Schedule 1 is hereby reclassified and modified in accordance with the column headings labeled "Reclassified Claim" and "Reason for Reclassification" on the attached Schedule 1. The Invalid 503(b)(9) Claims listed in the column titled "Reclassified Claim" on the attached Schedule 1 shall remain on the Claims Register as modified, unless such Invalid 503(b)(9) Claims are otherwise disallowed and/or modified by this Order or another order of this Court, subject to the Debtors', the Committee's, or any other parties' further objections on any substantive or non-substantive grounds.

4. Each of the Misclassified Claims listed in the column titled "Claim #" on the attached Schedule 2 is hereby reclassified and modified in accordance with the column headings labeled "Reclassified Claim" and "Reason for Reclassification" on the attached Schedule 2. The Misclassified Claims listed in the column titled "Reclassified Claim" on the attached Schedule 2

shall remain on the Claims Register as modified, unless such Misclassified Claims are otherwise disallowed and/or modified by this Order or another order of this Court, subject to the Debtors', the Committee's, or any other parties' further objections on any substantive or non-substantive grounds.

5. Notwithstanding Local Delaware Bankruptcy Rule 3007-1(f)(iii), the rights of the Debtors, the Committee, or any other party to: (i) file subsequent objections to any claims listed on any of the Schedules annexed hereto on any ground, substantive or non-substantive (as permitted by the Court); (ii) amend, modify or supplement the Objection, including, without limitation, filing objections to further amended or newly-filed claims; (iii) seek to expunge or reduce any claim to the extent all or a portion of such claim has been paid; and (iv) settle any claim for less than the asserted amount, are expressly preserved. Additionally, should one or more of the grounds of objection stated in the Objection be overruled, the Debtors', the Committee's, and any other parties' rights to object to the remaining Claims on any other grounds are preserved. For the avoidance of doubt, leave from the requirements of Local Delaware Bankruptcy Rule 3007-1(f)(iii) is hereby granted.

6. The objection to each claim, as addressed in the Objection and as set forth in the attached Schedules, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014 and Local Rule 3007-1. This Order shall be deemed a separate order with respect to each such claim that is the subject of the Objection. Any stay of this Order pending appeal by any claimants whose claims are subject to this Order shall only apply to the contested matter that involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to any other contested matters addressed in the Objection and this Order.

7. Omni is authorized and directed to modify the Claims Register to comport with the relief granted by this Order.

8. Nothing in this Order or the Objection is intended or shall be construed as a waiver of any of the rights the Debtors, the Committee, or any other party may have to enforce rights of setoff against the claimants.

9. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

# **SCHEDULE 1**

**Invalid 503(b)(9) Claims**

# FIRST OMNIBUS CLAIMS OBJECTION
## SCHEDULE 1

**KNOTEL, INC., ET AL., CASE NO. 21-10146 (MFW)**
**INVALID 503(B)(9) CLAIMS**

| | NAME OF CLAIMANT | DEBTOR | CLAIM # | ASSERTED CLAM | | RECLASSIFIED CLAIM | | REASON FOR RECLASSIFICATION |
|---|---|---|---|---|---|---|---|---|
| 1 | American Federal Technologies, Inc. | Knotel, Inc. | 64 | 503(b)(9) | $9,020.90 | GUC | $9,020.90 | Asserted 503(b)(9) claim is not entitled to administrative expenses status under 11 U.S.C. § 503(b)(9) because the claim is not for goods sold, and to the extent that goods were provided, such goods were provided outside of the 20 Day period for claims under 11 U.S.C. § 503(b)(9). Claim should be reclassified as a general unsecured claim. |
| 2 | Broke But Grand LLC | Knotel, Inc. | 151 | 503(b)(9) | $17,500.00 | GUC | $17,500.00 | Asserted 503(b)(9) claim is not entitled to administrative expenses status under 11 U.S.C. § 503(b)(9) because the claim is not for goods sold, and to the extent that goods were provided, such goods were provided outside of the 20 Day period for claims under 11 U.S.C. § 503(b)(9). Claim should be reclassified as a general unsecured claim. |
| 3 | Brooklyn Interiors d/b/a The DDC Group | Knotel, Inc. | 29 | 503(b)(9) | $29,133.00 | GUC | $29,133.00 | Asserted 503(b)(9) claim is not entitled to administrative expenses status under 11 U.S.C. § 503(b)(9) because the claim is not for goods sold, and to the extent that goods were provided, such goods were provided outside of the 20 Day period for claims under 11 U.S.C. § 503(b)(9). Claim should be reclassified as a general unsecured claim. |
| 4 | Modulus Data USA, Inc. | Knotel, Inc. | 41 | 503(b)(9) | $6,000.00 | GUC | $6,000.00 | Asserted 503(b)(9) claim is not entitled to administrative expenses status under 11 U.S.C. § 503(b)(9) because the claim is not for goods sold, and to the extent that goods were provided, such goods were provided outside of the 20 Day period for claims under 11 U.S.C. § 503(b)(9). Claim should be reclassified as a general unsecured claim. |
| 5 | Network Right LLC | Knotel, Inc. | 2 | 503(b)(9)<br><br>GUC | $18,863.00<br><br>$50,440.25 | GUC | $69,303.25 | Asserted 503(b)(9) claim is not entitled to administrative expenses status under 11 U.S.C. § 503(b)(9) because the claim is not for goods sold, and to the extent that goods were provided, such goods were provided outside of the 20 Day period for claims under 11 U.S.C. § 503(b)(9). Claim should be reclassified as a general unsecured claim. |

## **SCHEDULE 2**

**Misclassified Claims**

# FIRST OMNIBUS CLAIMS OBJECTION
## SCHEDULE 2

**KNOTEL INC., ET AL., CASE NO. 20-10146 (MFW)**
**MISCLASSIFIED CLAIMS**

| | NAME OF CLAIMANT | DEBTOR | CLAIM # | ASSERTED CLAM | | MODIFIED CLAIM | | REASON FOR DISALLOWANCE OR MODIFICATION |
|---|---|---|---|---|---|---|---|---|
| 1 | 10 Fleet Place Trustee I, Ltd & 10 Fleet Place Trustee II Ltd | Knotel, Inc. | 306 | ADM | Unknown | ADM | $0.00 | Claim is based on guaranty related to a rejected lease. Claim is not supported by any basis giving rise to administrative expense claim status. As such, Claim should be reclassifed as a general ununsecured claim |
| | | | | GUC | $1,680,386.84 | GUC | $1,680,386.84 | |
| 2 | Arch Specialty Insurance Company | Knotel, Inc. | 232 | ADM | Unliquidated | ADM | $0.00 | Claimant asserts entitlement to administrative expense/priority status under 11 U.S.C. §§ 503(b) and 507(a)(2). Claimant does not set forth any basis for administrative and/or priority status. As such, Claim should be reclassified as a general unsecured claim in the amount of $0.00. |
| | | | | PRI | Unliquidated | PRI | $0.00 | |
| | | | | GUC | Unliquidated | GUC | $0.00 | |
| 3 | Collins Brothers Moving Corp. | Knotel, Inc. | 20 | PRI | $2,000.00 | PRI | $0.00 | Claimant asserts entitlement to priority of payment pursuant to 11 U.S.C. § 507(a)(7). Claim is not for a deposit towards purchase, lease, or rental of property or services for personal, family, or household use, and therefore the Claim is not entitled to priority treatment. Claim should be reclassified as a general unsecured claim. |
| | | | | GUC | $0.00 | GUC | $2,000.00 | |
| 4 | Collins Brothers Moving Corp. | Knotel, Inc. | 21 | PRI | $3,562.81 | PRI | $0.00 | Claimant asserts entitlement to priority of payment pursuant to 11 U.S.C. § 507(a)(7). Claim is not for a deposit towards purchase, lease, or rental of property or services for personal, family, or household use, and therefore the Claim is not entitled to priority treatment. Claim should be reclassified as a general unsecured claim. |
| | | | | GUC | $0.00 | GUC | $3,562.81 | |
| 5 | Creditor 5005 a/k/a CKM Advisors LLC | Knotel, Inc. | 202 | PRI | $191,297.00 | PRI | $0.00 | Claimant asserts entitlement to priority of payment pursuant to 11 U.S.C. § 507(a)(6). Claim is not related to the production or raising of grain or a United States fisherman, and therefore the Claim is not entitled to priority treatment. Claim should be reclassified as a general unsecured claim. |
| | | | | GUC | $0.00 | GUC | $191,297.00 | |

**KNOTEL INC., ET AL., CASE NO. 20-10146 (MFW)**
**MISCLASSIFIED CLAIMS**

|  | NAME OF CLAIMANT | DEBTOR | CLAIM # | ASSERTED CLAM | | MODIFIED CLAIM | | REASON FOR DISALLOWANCE OR MODIFICATION |
|---|---|---|---|---|---|---|---|---|
| 6 | Future Interiors Corp. | Knotel, Inc. | 7 | PRI | $4,250.00 | PRI | $0.00 | Claimant asserts entitlement to priority of payment pursuant to 11 U.S.C. § 507(a)(4). Claim is not for wages, salaries, or commissions earned within 180 days of the Petition Date, and therefore the Claim is not entitled to priority treatment. Claim should be reclassified as a general unsecured claim. |
|  |  |  |  | GUC | $1,160.00 | GUC | $5,410.00 | |
| 7 | Justin Reynolds a/k/a Just in Words LLC | Knotel, Inc. | 63 | PRI | $765.00 | PRI | $0.00 | Claimant asserts entitlement to priority of payment pursuant to 11 U.S.C. § 507(a)(4). Claim is not for wages, salaries, or commissions earned within 180 days of the Petition Date, and therefore the Claim is not entitled to priority treatment. Claim should be reclassified as a general unsecured claim. |
|  |  |  |  | GUC | $0.00 | GUC | $765.00 | |
| 8 | Malwin Realty | Knotel, Inc. | 120 | ADM | $3,000 (anticipated) | ADM | $0.00 | Administrative portion of claim is based on anticipated costs associated with removing abandoned property. Any such costs or expense incurred are not subject to administrative claim treatment. |
|  |  |  |  | GUC | $2,372,509.22 | GUC | $2,372,509.22 | |
| 9 | Schvey, Inc. d/b/a Axoni | Knotel, Inc. | 283 | PRI | $400,500.00 | PRI | $0.00 | Claimant asserts entitlement to priority of payment pursuant to 11 U.S.C. § 507(a)(7). Claim is not for a deposit towards purchase, lease, or rental of property or services for personal, family, or household use, and therefore the Claim is not entitled to priority treatment. Claim should be reclassified as a general unsecured claim. |
|  |  |  |  | GUC | $0.00 | GUC | $400,500.00 | |
| 10 | Shapiro, David | Knotel, Inc. | 336 | PRI | $8,000.00 | PRI | $0.00 | Claimant asserts entitlement to priority of payment pursuant to 11 U.S.C. § 507(a)(4). Claim does not provide any documentation supporting priority status of such claim. As such, Claim should be reclassified as a general unsecured claim. |
|  |  |  |  | GUC | $0.00 | GUC | $8,000.00 | |
| 11 | Super Bright Iterior Renovation Corp. | Knotel, Inc. | 10 | PRI | $70,000.00 | PRI | $0.00 | Claimant asserts entitlement to priority of payment pursuant to 11 U.S.C. §§ 507(a)(1), (a)(7), and (a)(4). Claim is not for domestic support obligations, a deposit toward purchase, lease, or rental of property or services for personal, family, or household use, or wages, salaries, or commissions earned within 180 days of the Petition Date, and therefore the Claim is not entitled to priority treatment. Claim should be reclassified as a general unsecured claim. |
|  |  |  |  | GUC | $32,283.50 | GUC | $105,238.50 | |